JOSE AND LOURDES ESPINOZA, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Espinoza v. Commissioner
Docket No. 14594-87
United States Tax Court
T.C. Memo 1988-298; 1988 Tax Ct. Memo LEXIS 325; 55 T.C.M. (CCH) 1257; T.C.M. (RIA) 88298; July 12, 1988. Richard Baron, for the petitioners. Mitchell I. Horowitz, for the respondent. WRIGHT
MEMORANDUM FINDINGS OF FACT AND OPINION WRIGHT, Judge: This matter is before the Court on petitioner's motion for litigation costs pursuant to section 7430 [1] and Rule 231 and respondent's cross-motion for damages pursuant to section 6673 and Rule 50. When this case was called from the calendar on March 7, 1988, in Miami, Florida, the parties appeared and filed a stipulation as to the settled issues. At that time petitioners filed a motion for an award of reasonable litigation costs and the Court directed that the record be kept open to allow respondent time in which to file a motion for damages. On March 21, 1988, respondent filed a motion for damages and an objection to petitioners' motion for litigation costs. Petitioners filed an objection to respondent's motion for damages on May 16, 1988. *327 FINDINGS OF FACT The following facts are based upon the record including affidavits and exhibits filed by both parties in support of their respective positions. On May 26, 1987, petitioners, residing in Miami, Florida, filed a joint petition after receiving a statutory notice of deficiency with respect to taxable year ending December 31, 1983, which had been issued on February 26, 1987. In the statutory notice, respondent determined deficiencies in petitioners' Federal income tax in the total amount of $ 6,053.92 disallowing certain Schedule C expenses, a deduction for a charitable contribution, claimed investment tax credit, and a claimed deduction for interest expense as well as imposing additions to tax under sections 6653(a)(1), (2) and 6651(a)(1). Respondent filed his Answer on June 29, 1987 and transferred the case to the Appeals Office for consideration of settlement. The case file was assigned to Appeals Officer Jorge Moral (Moral) who, by a letter dated July 17, 1987, scheduled a conference with petitioners on September 16, 1987. At the conference, petitioners produced a "shoebox full of documents which had not been organized in any meaningful fashion" to substantiate *328 some of the disallowed Schedule C expenses. In light of this new evidence, Moral returned the case on September 21, 1987, to the original office auditor for verification of the newly produced records. After making several fruitless attempts to arrange a meeting, Sandra M. Lewis (Lewis), the office auditor who had conducted the initial audit, finally met with petitioners on November 10, 1987. Lewis determined that the new receipts and records adequately substantiated most of petitioners' claimed Schedule C expenses, although petitioners failed to adequately substantiate the other items in dispute. On November 13, 1987, the case file was returned to Moral and, after recomputations were completed on November 20, 1987, the decision document was drafted. Settlement was approved on December 7, 1987, and the decision document was mailed to petitioners. However, they declined to sign it because they intended to file this motion for litigation costs. No further action was taken until the hearing of March 7, 1988, at which time petitioners signed the stipulation of agreed issues which was then submitted to this Court. Petitioners conceded the disallowance of all claimed charitable contribution *329 deductions, all claimed interest expense deductions, the entire claimed investment tax credit, Schedule C expenses in the amount of $ 3,718.60, and an addition to tax pursuant to section 6651(a)(1). In addition, respondent conceded Schedule C expenses in the amount of $ 17,429.45, and that petitioners were not liable for additions to tax pursuant to sections 6653(a)(1) and (2). Both Moral and Lewis stated under oath that petitioners were not represented by an attorney at any time during the proceedings, although they were occasionally accompanied by Scott Slayback, a paralegal. Petitioners never filed a power of attorney form with the Internal Revenue Service. In connection with this motion under consideration, petitioners submitted an affidavit signed by their attorney, Richard Baron, in which he stated that he had received a retainer in the amount of $ 300 for legal services performed, that petitioners had paid court costs in the amount of $ 60 and that additional legal bills had been paid in the amount of $ 850 prior to the commencement of his representation of petitioners. OPINION The first issue for our consideration is whether petitioners should be awarded a judgment *330 for reasonable litigation costs under section 7430. Section 7430(a) provides generally, that a taxpayer who has substantially prevailed in a civil tax proceeding may be awarded reasonable litigation costs incurred in such proceedings. In order to be entitled to an award of litigation costs, the taxpayer must show that he is the "prevailing party" which includes establishing that the position of the United States was not substantially justified, [2] that the taxpayer substantially prevailed in the litigation and that the taxpayer did not have a net worth in excess of $ 2,000,000 at the time the civil proceeding was initiated. [3] Litigation costs will not be awarded unless the taxpayer can demonstrate that he exhausted the administrative remedies available to him within the Internal Revenue Service. Sec. 7430(b)(1). Furthermore, litigation costs may not be awarded with respect to any part of the proceeding during which the taxpayer has unreasonably protracted the proceeding. Sec. 7430(b)(4). All of these conjunctive requirements must be met for an award to be made. ; . *331 Petitioners contend that respondent's position in the civil proceeding was not substantially justified. Our examination concerns respondent's actions only after the petition was filed and after any administrative action or inaction by the District Counsel upon which the instant proceeding is based was completed. Sec. 7430. Our inquiry considers whether respondent's position was reasonable in both fact and law, and requires an examination into the facts and circumstances. . We consider factors derived from the *332 legislative history, including whether respondent extracted unjustifiable concessions from petitioners through the expenses of prolonged litigation, and whether respondent pursued the litigation for purposes of harassment as well as any other relevant factors. Petitioners bear the burden of proof on this issue. Rule 142(a). After considering the affidavits and arguments put forward by the parties, we cannot find a shred of evidence to suggest that respondent's position in this civil proceeding was not substantially justified. Because petitioners had failed to substantiate certain claimed expenses at the initial audit a deficiency notice was routinely issued. As soon as petitioners brought their new evidence, stuffed into a shoebox, to the attention of the Appeals Office, a new inquiry was launched from which petitioners emerged largely triumphant on the sole substantive question of the Schedule C expenses. On many of the substantive issues in dispute, respondent, not petitioners, was the prevailing party. Petitioners have completely failed to demonstrate any harassment motive, nor have they indicated that respondent's actions caused *333 undue delay or created an unreasonable burden. Rather, the evidence indicates that respondent merely initiated and implemented the ordinary process of audit, appeal and settlement. We therefore conclude that respondent's position was substantially justified. Thus, we decline to hold for petitioners on their motion for reasonable litigation costs. [4]
The second issue for our consideration is whether to grant respondent's motion for damages under section 6673. Section 6673 provides that when proceedings before this Court have been instituted or maintained by the taxpayer primarily for delay, that the taxpayer's position in such proceedings is frivolous or groundless, or that the taxpayer unreasonably failed to pursue administrative remedies available to him, then damages in an amount no greater than *334 $ 5,000 shall be awarded to the United States. Respondent requests that damages be awarded to him, maintaining that petitioners' claim for reasonable litigation costs was frivolous and groundless and that petitioners unreasonably failed to pursue administrative remedies by failing to present bank statements which would have substantiated claimed interest expense deductions. We have considered this matter and conclude that damages would not be appropriate in this case. It is not apparent that petitioners' claim was frivolous and groundless, and, thus, respondent's motion will be denied. In light of the foregoing, An appropriate order will be entered.
Footnotes
1. Unless otherwise indicated all section references are to the Internal Revenue Code of 1986, as amended and in effect during the year in issue, and all Rule References are to the Tax Court Rules of Practice and Procedure. ↩
2. Sec. 7430(c)(2)(A)(i) was amended by sec. 1551(d)(1) of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 27521. The provision applies to proceedings commenced after December 31, 1985. Prior law required the taxpayer to prove that the United States' position "was unreasonable." We have determined that the substantially justified standard is essentially a continuation of the reasonableness standard from prior law. . ↩
3. Sec. 7430(c)(2)(A)(iii) was added by sec. 1551(d)(2) of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 25721. ↩
4. Thus, we do not even reach the questions of whether petitioners have proven that they were represented by an attorney during the civil proceeding, whether the expenses were reasonable in amount, whether petitioners' net worth was less than $ 2,000,000 or whether petitioners substantially prevailed over respondent when they conceded all substantive issues in dispute except one. ↩